(No. 41324.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MICHAEL BIRNBAUM, Appellant.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

F. Raymond Marks, Jr. and Harry Golter, both of Chicago, (Overton, Marks & Schwartz, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

The defendant, Michael Birnbaum, was arrested while parading with a placard and passing out pamphlets in front of the Criminal Court Building in Chicago. A complaint was filed charging that the defendant unlawfully resisted the arrest. After a bench trial in the circuit court of Cook County, the defendant was found guilty and fined $100. He now appeals, alleging that the arresting officer acted without authority, that the arrest was therefore unlawful and that his constitutional right to resist an unlawful arrest was violated by the trial court's finding.

On October 24, 1967, Robert Craer, the Chief Deputy Sheriff of the Criminal Court Division, was stationed at the Criminal Court Building in Chicago. About 12 o'clock noon he saw the defendant distributing pamphlets in front of the building. Craer told the defendant that he should move away from the building and not stand in one place. About 1:30 P.M. Craer again saw him on the main sidewalk, stopping people. Craer again told him that he would have to leave. Later that same day, about 2:15 P.M., the defendant was standing in the entrance of the building. Craer called his attention to the rules regarding loitering that were posted inside the building. Subsequently, about 3:30 P.M., Craer asked the defendant whether he had read the rules. The defendant said he had but that they had no meaning for him. Craer then told the defendant that he was being arrested for violating circuit court rule "seven" re-

lating to public loitering and interfering. The defendant resisted the arrest, but he was subdued by Craer and another police officer.

The defendant argues that the trial court's construction of section 31—1 of the Criminal Code (Ill. Rev. Stat. 1967, chap. 38, par. 31—1) was unconstitutional. It reads: "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity shall be fined not to exceed $500 or imprisoned in a penal institutional other than the penitentiary not to exceed one year, or both." The trial court stated in substance that a person cannot knowingly and forcefully resist an arrest by a police officer even if the arrest is unlawful. This statement is supported by section 7—7 of the Criminal Code (Ill. Rev. Stat. 1967, chap. 38, par. 7—7) which provides: "A person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if he believes that the arrest is unlawful and the arrest in fact is unlawful."

When Officer Craer sought to make the arrest on the steps of the Criminal Court Building, he was acting under the authority of a valid rule of the circuit court. The defendant was told the basis for the arrest and then knowingly resisted. The defendant clearly violated section 31—1.

Although the trial judge stated that even an unauthorized arrest could not be resisted forcefully, this observation is not relevant to the facts of this case or to the decision rendered. The record contains undisputed evidence that the defendant knowingly resisted a lawful arrest, the performance of an authorized act, which makes it unnecessary to decide the constitutionality of section 7—7.

The judgment of the circuit court of Cook County is, accordingly, affirmed.

*Judgment affirmed.*